IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03382-PAB-KLM

WILLIAM YOUNG,

    Plaintiff,

v.

BRISTOL WEST INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on Defendant's Unopposed Motion to Set Aside Clerk's Default [Docket No. 14] filed by defendant Bristol West Insurance Company ("Bristol West").

    Plaintiff William Young brought this case on December 14, 2013, alleging breach of contract, bad faith breach of an insurance contract, and violations of Colo. Rev. Stat. §§ 10-3-1115(1)(A) and 10-3-1116(A).  Docket No. 1.  Bristol West was served on January 28, 2014 and did not timely respond by or before the due date of February 18, 2014, twenty-one days from the date of service.  *See* Docket Nos. 9 and 10.  On February 19, 2014, the Clerk of Court entered default against Bristol West on plaintiff's motion.  Docket No. 12.  On February 24, 2014, defendant filed an answer to the complaint.  Docket No. 13.  On February 25, 2014, defendant filed the instant motion, stating that defense counsel missed the deadline to respond through inadvertence. Docket No. 14 at 2, ¶ 3.  Defendant requests that the Court set aside the Clerk's entry

of default and plaintiff does not oppose this request.  Docket No. 14 at 1.

The Court may set aside an entry of default for good cause.  *See* Fed. R. Civ. P. 55(c).  This good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b).  *Id.*; *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997).  In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense.  *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).  The Court need not consider each one of these factors and may consider other factors in its discretion.  *Id.*  Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment."  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").  It is, however, within the Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency.  *Gomes*, 420 F.2d at 1366.

The first factor tips in favor of setting aside the default judgment.  Defendant's failure to timely respond was not due to "culpable conduct," but to inadvertence.  After default entered, defendant promptly filed an answer.  The second factor also favors defendant.  The six-day delay between the date a response was due and the date that defendant filed an answer has not meaningfully altered the course of the proceedings.

In addition, plaintiff does not argue that he will be prejudiced or object to setting aside the default for any other reason. The Court need not consider the third factor to conclude that defendant has demonstrated good cause for setting aside the default. *See Hunt* , 1995 WL 523646, at *3; Fed. R. Civ. P. 55(c).  Wherefore, it is

**ORDERED** that Defendant's Unopposed Motion to Set Aside Clerk's Default [Docket No. 14] filed by defendant Bristol West Insurance Company is GRANTED.  It is further

**ORDERED** that the Clerk's Entry of Default as to Bristol West Insurance Company [Docket No. 12] is VACATED.

DATED March 5, 2014.

BY THE COURT:

　/s Philip A. Brimmer　　　　　　
PHILIP A. BRIMMER
United States District Judge