IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03382-PAB

WILLIAM YOUNG,

    Plaintiffs,

v.

BRISTOL WEST INSURANCE COMPANY,

    Defendants.

## STIPULATED PROTECTIVE ORDER

    Plaintiff, William Young, and Defendant, Bristol West Insurance Company, by and through their respective counsel acknowledge that certain documents produced in this action contain trade secret, confidential research, development or commercial information, financial information and other sensitive, non-public information ("Confidential Information"). The Court being advised of the agreement of the parties to the entry of this Stipulated Protective Order, IT IS HEREBY ORDERED AS FOLLOWS:

1.     This Stipulated Protective Order shall apply to all confidential information produced in this litigation.

2.     In connection with discovery proceedings in the Litigation, any party to the Litigation (the "Designating Party") shall have the right to designate as "Confidential" any testimony, documents, and other material containing "Confidential Information", the disclosure of which in a manner other than that specified herein the Designating Party in good faith believes would present a significant risk of injury to the legitimate business interests of the disclosing party or a significant risk of injury to any other legitimate interest. Such Confidential Information includes, but is not limited to: proprietary trade secrets all materials reflecting, referring to or evidencing any information deemed confidential by local, state, or federal statute, ordinance, regulation, or other law, confidential non-public business plans or forecasts; confidential non-public financial plans and forecasts; and all private or sensitive commercial, financial, personal or personnel information, confidential non-public underwriting and rating information; and confidential research and development information. Confidential Information also includes but is not limited to personal information such as a person's social security number, medical records, personnel file, bank records, tax records and other sensitive non-public information. Confidential Information may take the form of, but is not limited

to, (a) documents, interrogatories, requests for admission, and answers and responses thereto; (b) transcripts of depositions and exhibits thereto; and (c) all copies, abstracts, excerpts, analyses, and complete or partial summaries prepared from or containing, reflecting, or disclosing such Confidential Information.

3.  Confidential Information may be disclosed only to "Qualified Persons," as that term is defined in Paragraph 5 below, and used only in connection with this litigation and for no other purpose. All Qualified Persons receiving Confidential Information shall be bound by the terms of this Stipulated Protective Order.

4.  Any document, material, or information to be designated as Confidential Information may be so designated either by stamping or marking the document, material or information with the legend "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER," or with a substantially similar legend, or by a statement on the record at a deposition or in writing to all counsel of record within twenty (20) days after receipt of the transcript, specifying the page and line of the deposition the party deems to be confidential. Each and every page of each document designated as Confidential Information shall be stamped or marked "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER" or with a substantially similar legend by the party so claiming in such a manner that the stamp or mark does not obscure the contents or legibility of the document or things so designated.

5.  Confidential Information may be disclosed to or made available by counsel of record for the party receiving such information only to Qualified Persons. For the purpose of this Agreement, the term "Qualified Persons" means:

    (a)    this Court (and any appellate court), including court personnel, jurors and alternate jurors;
    (b)    court reporters;
    (c)    counsel to the named parties to the Litigation (filed Entry of Appearance), associate attorneys, paralegal, clerical, secretarial, and other staff employed by such counsel, or copy service personnel responsible for copying documents or materials in connection with the Litigation, who such counsel shall determine have a need to have access to such information;
    (d)    the parties or the officers, employees, or principals of a party, who are actually assisting counsel in the consideration or prosecution of the claims, or the defense thereof, asserted in the Litigation;
    (e)    persons identified in a document designated as "Confidential" as an author of the document in part or in whole, or persons to whom a copy of such document was sent prior to its production in the Litigation;
    (f)    anticipated and actual deponents and anticipated and actual trial fact witnesses other than the named parties to the Litigation; and

(g) independent outside experts, advisors or consultants (other than employees, officers, or directors of any party) retained by counsel of record in the Litigation.

6. Prior to any disclosure of Confidential Information to any Qualified Person defined in paragraphs 5(d), 5(f) and 5(g), counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Stipulated Protective Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Stipulated Protective Order and consent to the Court's jurisdiction for purposes of enforcing this Stipulated Protective Order. The requirements of obtaining such written agreement may be satisfied by obtaining the signature of any such person on a copy of **Exhibit A** to this Stipulated Protective Order, after having had such person read this Stipulated Protective Order and having explained the contents thereto such person. Counsel of record for each party shall maintain a list of the names of all persons to whom such documents or information is disclosed. *[initials]*

7. All Qualified Persons who have received Confidential Information pursuant to this Stipulated Protective Order shall safeguard such information so as to avoid any disclosure of that information, except as provided in this Stipulated Protective Order.

8. Any party to the Litigation to whom Confidential Information is produced or disclosed may object to the "Confidential" designation. The objection shall be made in writing to counsel for the Designating Patty. Counsel shall confer is good faith in an effort to resolve any dispute concerning such designation. In the event of a motion concerning the designation of information as "Confidential," all materials the designation of which is so objected to shall continue to be treated as Confidential Information until the Court rules to the contrary. The fact that a document or information has been designated as "Confidential" shall not create a presumption that the document or information is, in fact, confidential or is entitled to protection by this Protective Order. It shall be the burden of the party claiming the information is Confidential to prove it is Confidential and entitled to protection. Further, a party's agreement to this Protective Order does not prejudice the party's right to move the Court to lift the Protective Order, in whole or in part, for good cause shown after notice and hearing. *All motions regarding disputes over confidentiality designations shall be made pursuant to this Mix's discovery procedures.*

9. Documents, depositions, or other materials designated as "Confidential" shall be used by the persons receiving them only for the purpose of preparing for and conducting the Litigation. Any use or disclosure of such documents, materials or information for any other purposes is a direct violation of this Stipulated Protective Order.

10. Except upon further order of this Court, no information designated Confidential Information shall be filed with any court, or disclosed in any pleadings, motions, depositions or other documents placed in the record of the Litigation, unless the materials containing such information are placed in a sealed envelope or other

3

appropriate sealed container, on which shall be endorsed the caption of this action, a description of the contents of the envelope or container, the words "Confidential-Subject to Court Order" and the following statement (or words to this effect):

> This envelope (or container) contains Confidential Information. It is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.

11. All Confidential Information, and all copies thereof, shall be returned to counsel ~~parties~~ parties for the Designating Party producing such documents within forty-five (45) days after the final conclusion of the Litigation, including appeals. Counsel for the ~~parties~~, may within sixty (60) days following the final conclusion of the Litigation, including appeals, and with notice to the other parties who may object within seven (7) days thereof, withdraw all documents containing confidential Information that have been filed with the Court to the extent permitted to do so by the court and the Clerk of the Court.

12. The inadvertent production of any Confidential Information during discovery in this action without a designation as provided herein, or the inadvertent production of any document, material, or other information, not intended to be produced (e.g. due to a claim of privilege), shall be without prejudice to any later claim that it is Confidential Information, or should be withheld from production on the basis of privilege and no party shall be held to have waived future assertion of any rights by such inadvertent production. However, disclosure of the material by the other party prior to such designation is not a violation of this Protective Order.

13. Nothing in this Stipulated Protective Order shall prejudice the right of any party to make any use of or disclose to any person any material it has designated as Confidential Information, without prior court order, or to waive the provisions of this Stipulated Protective Order with respect to any Confidential Information.

14. Nothing contained in this Stipulated Protective Order shall affect the right of either party to make any objection, claim or other response to interrogatories, requests to admit, requests for production of documents or to any questions at deposition. At any time after first consulting with opposing counsel in an effort to resolve differences as described above in Paragraph 8, upon motion duly served and filed, either patty may bring before the Court the question of whether this Stipulated Protective Order should be restricted, enlarged, or otherwise modified, generally or with respect to specific items of information or specific persons. Nothing in this Stipulated Protective Order shall prevent any party from seeking other or different protection for documents or things or information.

15. Nothing in this Stipulated Protective Order or any designation or declaration pursuant to this Stipulated Protective Order shall constitute or be used by any party as an "admission by party opponent."

4

16. This Stipulated Protective Order does not control the treatment of Confidential Information at trial. The parties agree to address the treatment of Confidential Information at trial by appropriate request to the Court at the time of trial.

17. The [court] shall retain jurisdiction to enforce this Protective Order and decide any issues related to or arising from it. The provisions and terms of this Stipulated Protective Order shall survive the termination of the Litigation unless the Order is terminated or modified in writing by the parties or by further Order of this Court after notice and hearing.

IT IS SO ORDERED this 2nd day of December, 2014.

_____
United States District Court Judge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

s/Daniel B. Slater, Esq.
_____
Daniel B. Slater, Esq.
Law Offices of Daniel B. Slater
1415 Main Street, Suite A
Canon City, CO 81212
Phone:   (719) 269-3315
Fax:     (303) 269-3317
Email:   dan@danslaterlaw.com
*Counsel for Plaintiff*


s/Daniel M. Fowler, Esq.
_____
Daniel M. Fowler, Esq.
Fowler, Schimberg & Flanagan, P.C.
1640 Grant Street, Suite 300
Denver, CO 80203
Phone:   (303) 298-8603
Email:   d_fowler@fsf-law.com
*Counsel for Defendant*

5

# EXHIBIT A

## ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER
William Young v. Bristol West Insurance Company
United States District Court for the District of Colorado
Civil Action No. 1:13-cv-03382-PAB

I, _____, acknowledge that I have read the Agreed Stipulation and Protective Order entered by the Court on the _____ day of _____, 201___, in the above-entitled action.

I understand the terms of the Agreed Stipulation and Protective Order and agree to be bound by those terms.

DATE: _____     _____
                                     Signature

                                     _____
                                     Name (printed)

                                     _____
                                     Business address

6